IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JOE MITCHELL DORSEY                  *

    Plaintiff,                       *

      v.                           * CIVIL ACTION NO. 2:050CV-1239-F
                                  (WO)
MUNICIPAL COURT                      *
ANDALUSIA, *et al.*,

                                      *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated in the Covington County Jail located in Andalusia, Alabama, filed this 42 U.S.C. § 1983 action on December 30, 2005.  He states that on December 13, 2005 the Municipal Court of Andalusia, Alabama, sentenced him to six months in the Covington County jail for third degree domestic violence. Less than two weeks into his stay at the county jail, Plaintiff asserts that he fell face first onto and/or through a stair rail which resulted in a back injury.  Since his return from the hospital, Plaintiff complains that he has been denied adequate medical care for continuing back pain. Plaintiff files this action for damages against the Municipal Court of Andalusia, Alabama, Judge McCalma, Sheriff Anthony Clark, and Annett King.

Upon review of the pleadings, the court concludes that dismissal of Plaintiff's claims against the Municipal Court of Andalusia and Judge McCalma is appropriate under 28 U.S.C.

§ 1915(e)(2)(B).[1]

## I.  DISCUSSION

*A.  The Municipal Court of Andalusia*

Plaintiff names the Municipal Court of Andalusia as a defendant.  A state court is not

a person within the meaning of 42 U.S.C. § 1983.  *Moity v. Louisiana State Bar Association*,

414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).  Dismissal of

Plaintiff's complaint against the Municipal Court of Andalusia is, therefore, appropriate

under 28 U.S.C. § 1915(e)(2)(B)(I).

*B.  Judge McCalma*

To the extent the conduct about which Plaintiff complains with respect to Judge

McCalma emanate from judicial actions taken by him in his capacity as a judge for the

Municipal Court of Andalusia, he is due to be dismissed.  The law is well-settled that state

judges are absolutely immune from damages liability when sued under 42 U.S.C. § 1983 for

actions taken in the course of their judicial duties.  *Stump v. Sparkman*, 435 U.S. 349 (1978);

*Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986).  Thus, Plaintiff's

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

request for damages against Judge McCalma  is "based on an indisputably meritless legal

theory" and is, therefore, subject to dismissal under  28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke*

*v. Williams*, 490 U.S. 319, 327 (1989).


## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against Judge McCalma and the Municipal Court for Andalusia,

Alabama, be DISMISSED under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Defendants McCalma and the Municipal Court for Andalusia, Alabama, be

DISMISSED as parties to the complaint; and

3.  This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before January 26, 2006. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous,

conclusive or general objections will not be considered by the District Court.  The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

      Done this 13th day of January, 2006.


                     /s/Charles S. Coody
                     CHARLES S. COODY
                     CHIEF UNITED STATES MAGISTRATE JUDGE