IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE MITCHELL DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05cv1239-MEF |
| ) | (WO) |
| ) | |
| ANTHONY CLARK, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Joe Mitchell Dorsey ("Dorsey") asserts that Covington County Sheriff Anthony Clark ("Clark") and Medical Team Administrator Annette Cain ("Cain") violated his constitutional rights during his incarceration in the Covington County Jail. Specifically, Dorsey contends that the defendants failed to provide him adequate medical treatment for a back injury suffered in a fall. In addition, he asserts that he was subjected to unconstitutional conditions of confinement during his incarceration in the jail. Dorsey requests damages for the alleged violations of his constitutional rights.

The defendants filed special reports and supporting evidentiary materials addressing Dorsey's claims for relief. (Doc. Nos. 12 & 13.) Pursuant to the orders entered herein, the court deems it appropriate to treat these reports as motions for summary judgment. (Doc. No. 5, January 13, 2006 Order.) Thus, this case is now pending on the defendants' motions for summary judgment. Upon consideration of such motions, the evidentiary materials filed in support thereof and Dorsey's responses in opposition to the motion, the court concludes that

the defendants' motions for summary judgment are due to be granted.

## I. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Dorsey is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v.*

*Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Dorsey has failed to demonstrate that there are any genuine issues of material fact in order to preclude summary

judgment. *Matsushita*, *supra*.

## II. FACTS

The 2005 holiday season at the Covington County jail did not bring great tidings of joy for Dorsey. While walking down a flight of stairs on Christmas Eve, Dorsey leaned against a handrail in a stairway; the handrail broke, and Dorsey fell "face first" onto the floor. (Doc. No. 1, p. 3.) Immediately after the incident, Dorsey complained of back pain. Jail personnel telephoned Cain and informed her of Dorsey's complaints. (Doc. No. 13-2, Cain's Affid., p. 3.) Cain advised the jailer to transport Dorsey to the hospital. Dorsey subsequently received treatment from hospital personnel. Upon discharge from Andalusia Regional Hospital, Dorsey was provided a prescription for Motrin. (Attach. to Cain's Affid., p. 29.)

The next day, Dr. Millard McWhorter, the medical director at the jail, ordered that Dorsey should receive 800 milligrams of Motrin twice a day for seven days. (*Id.*, at p. 31.) Dorsey refused his morning dosages on December 25, 26, 29, 30, 2005, and January 2 and 3, 2006, and his evening dosage on December 27, 2006.[1] (*Id.*, at pp. 30-31; Doc. No. 13-3, Dr. McWhorter's Affid., p. 2.) On January 4, 2006, Dorsey returned to Dr. McWhorter for a follow-up visit. (Attach. to Cain's Affid., p. 21.) Dr. McWhorter determined that Dorsey suffered a back contusion and that he should continue taking his medication. (*Id.*)

Dissatisfied with his medical treatment, Dorsey began submitting grievances and

---

[1] On or around December 28, 2005, Dorsey filed this federal lawsuit against the defendants. (Doc. No. 1.)

request form to jail officials. On January 8, 2006, Dorsey submitted a grievance to Clark, complaining that he was not receiving appropriate medical treatment and that the "pills they give do not help." (Attach. to Doc. No. 15.) Two days later, Dorsey sent an inmate request form, in which he requested that Clark allow his Uncle Ethan Dorsey to take him to a doctor. (*Id.*) On February 4, 2006, Dorsey submitted an inmate grievance to the jail administrator, stating that he was suffering from back trouble and that "the nurse & no one will do anything." (*Id.*) Dorsey sent an additional grievance to Clark on February 6, 2006, complaining that no one had responded to his previous grievances. (*Id.*)

### III. DISCUSSION OF CLAIMS

#### A. Denial of Medical Treatment[2]

Dorsey asserts that the defendants acted with deliberate indifference to his health by failing to provide him adequate medical treatment for a back injury. The defendants deny they acted with deliberate indifference to Dorsey's medical condition and, instead, maintain that they rendered appropriate and necessary treatment to Dorsey for his injury.[3]

To prevail on a claim concerning an alleged denial of medical treatment violative of

---

[2] The pleadings indicate that the actions which form the basis of the instant complaint occurred while Dorsey was serving a six-month sentence for a third-degree domestic violence conviction. Consequently, the Eighth Amendment provides the appropriate standard for assessing whether the conditions of confinement imposed upon Dorsey during his incarceration in the Covington County Jail are violative of the Constitution. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

[3] The defendants also contend that the plaintiff failed to exhaust administrative remedies in contravention of the Prison Litigation Reform Act's requirements. 42 U.S.C. § 1997e(a). In his response, the plaintiff presents evidence that he filed grievances which were never answered. As the court resolved the claims on the merits against the plaintiff, there is no need to resolve this factual dispute.

the Constitution, an inmate must, at a minimum, show that those responsible for providing such treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, a jail's medical and correctional personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989).

> In articulating the scope of inmates' right to be free from deliberate indifference, ... the Supreme Court ... emphasized that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth [or Fourteenth] Amendment." *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the [Constitution] only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice "not sufficient" to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774 F.2d

1567 (11th Cir. 1985) (mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference). Thus, a medical care provider may be held liable under either the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994).

The undisputed medical records indicate that Dorsey was treated by hospital personnel after his fall on December 24, 2005. These records also demonstrate that Dorsey was prescribed a non-narcotic pain reliever with instructions to take his medication twice a day, but that he did not fully comply with Dr. McWhorter's orders. It is likewise undisputed that Dorsey did not submit any requests for sick call to medical personnel during his incarceration in the Covington County jail. Dorsey has come forward with no evidence that the medical treatment provided to him by the defendants was neither grossly incompetent nor inadequate. Although Dorsey maintains that he should have received some other type of treatment, the mere fact that he desired a different mode of medical treatment does not amount to deliberate indifference. *Harris*, 941 F.2d at 1505. Dorsey presents no significantly probative evidence which demonstrates that the defendants in any way disregarded a substantial risk to his health. Consequently, Dorsey has failed to establish that the defendants acted with deliberate indifference. Summary judgment is therefore due to be granted in favor of the defendants with respect to this claim.

## B. Conditions of Confinement

Dorsey contends that the jail is unsafe and that jailers failed to fix the broken rail immediately after his fall. (Doc. No. 1, p. 3.) To the extent Dorsey's contention may be construed as a claim that he was subjected to unconstitutional conditions of confinement during his incarceration in the Covington County Jail, the court concludes that Dorsey's claim lacks merit. The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Dorsey presents no evidence even remotely showing that he was deprived of life's basic necessities during his incarceration in the Covington County jail.[4] Dorsey's contention that jailers failed to repair a handrail in a stairwell suggests nothing more than a lack of due care in the nature of negligence. Although a negligence claim may be sufficient to state a claim under state law, it is insufficient to establish a constitutional violation cognizable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation). The Courts have repeatedly determined that a slip and fall case, such as Dorsey's case, does not rise above mere

---

[4] In addition, the court notes that Dorsey's own evidentiary materials indicate that jail officials repaired the handrail at some point in late January or early February of 2006. (Doc. No. 15, Attach. to Dorsey's Response.)

negligence and does not create a constitutional violation. *See*, *e.g.*, *Daniels*, *supra*; *Gates v. Jolley*, No. 4:06-CV-50 (CDL), 2007 WL 106533, at *4-5 (M.D. Ga. Jan. 8, 2007) (inmate slipped in water that accumulated on floor due to leaky roof, causing him to suffer back pain); *Johnson v. Lowe*, No. 3:06-CV-67 (CAR), 2006 WL 2711549, at *2 (M.D. Ga. Sept. 21, 2006) (inmate slipped and fell down a flight of stairs). *See also Tunstall v. Rowe*, 478 F.Supp. 87, 88-89 (N.D. Ill. 1979) (finding no Eighth Amendment violation where inmate slipped and fell on greasy prison stairway). Therefore, to the extent Dorsey asserts that Clark subjected him to unconstitutional conditions of confinement, Clark's motion for summary judgment should be granted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for summary judgment filed by the defendants be GRANTED. (Doc. Nos. 12 & 13.)

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before April 24, 2007 the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of April, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE